Pro Se 1 (Rev. 09/16) Complaint for a Civil Case

FILED
IN CLERKS OFFICE
2021 SEP 22 AM 9: 41
U.S. DISTRICT COURT
DISTRICT OF MASS.

# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

| | |
|---|---|
| Amir Bar-Or | Case No. _____ <br> *(to be filled in by the Clerk's Office)* |
| *Plaintiff(s)* <br> (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | Jury Trial: *(check one)* ☑ Yes ☐ No |
| -v- | |
| Opera Solutions LLC | |
| *Defendant(s)* <br> (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | |

## COMPLAINT FOR A CIVIL CASE

I. **The Parties to This Complaint**

A. **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Amir Bar-Or |
| Street Address | 232 Old Farm Road |
| City and County | Newton, Middlesex |
| State and Zip Code | MA, 02459 |
| Telephone Number | 857-200-6848 |
| E-mail Address | abaror@gmail.com |

B. **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

    Name: Opera Solutions LLC (now named ElectrifAi)
    Job or Title (if known):
    Street Address: 111 Town Square Place
    City and County: Jercey City, Hudson County
    State and Zip Code: NJ, 07310
    Telephone Number: +1 (646) 520 4320
    E-mail Address (if known): legal@electrifai.net

Defendant No. 2

    Name:
    Job or Title (if known):
    Street Address:
    City and County:
    State and Zip Code:
    Telephone Number:
    E-mail Address (if known):

Defendant No. 3

    Name:
    Job or Title (if known):
    Street Address:
    City and County:
    State and Zip Code:
    Telephone Number:
    E-mail Address (if known):

Defendant No. 4

    Name:
    Job or Title (if known):
    Street Address:
    City and County:
    State and Zip Code:
    Telephone Number:
    E-mail Address (if known):

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☐ Federal question      ☑ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

    a. If the plaintiff is an individual

    The plaintiff, *(name)* Amir Bar-Or, is a citizen of the State of *(name)* Massachusetts.

    b. If the plaintiff is a corporation

    The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____,

    and has its principal place of business in the State of *(name)* _____.

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

    a. If the defendant is an individual

    The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

b. If the defendant is a corporation

The defendant, *(name)* Opera Solutions Ltd, is incorporated under the laws of the State of *(name)* Delaware, and has its principal place of business in the State of *(name)* New Jercey.

Or is incorporated under the laws of *(foreign nation)* _____,

and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

The amount in controversy-the amount the plaintiff claims the defendant owes or the amount at stake-is more than $75,000, not counting interest and costs of court, because *(explain)*:

267,500$

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

See Claim Attachment

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

1. Payments of $27,083.33 for six months; total of 162,500$
2. Insurance reimbursement payments of $1,500.00 for six months; total of 9000$
3. Additional wage payments for the period January 1, 2019 through January 15, 2019 of 13,500$. This is due since according to the employment agreement section 4D , the claimant deserves 30 day's notice before any termination.

4. 2018 3rd Quarter "Vektor" Bonus payment of: 21,250$ (amendment 4 in employment contract)
5. 2018 4rd Quarter "Vektor" Bonus payment of: 21,250$ (amendment 4 in employment contract)
6. A payment for legal fees of $40,000.00 for attorney cost during negotiations post termination.
7. Additional cost of arbitration and federal court filing
8. Interest for pre-judgment of 3.5% for the years 2019, 2020, 2021, total of 29,054$

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 9/22/2021

Signature of Plaintiff: Amit Bar-Or
Printed Name of Plaintiff: Amir Bar-Or

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

FILED
IN CLERKS OFFICE

2021 SEP 22  AM 9: 41

U.S. DISTRICT COURT
DISTRICT OF MASS.

Plaintiff: Amir Bar-Or
-v-
Defendant: Opera Solutions LLC

Claims

1. The plaintiff Bar-Or was terminated without a cause by the defendant on Dec 13 2018 after working for the defendant since March 2011 as the Global head of Software development
2. Bar-or's employment agreement with Opera required Opera to give Bar-or thirty days' notice; to pay Bar-or separation benefits of six months' salary, health insurance premiums for a six-month period, and outstanding wages owed.  This amounts to 227,500$ . The employment contract was updated six times since 2014 till Aug 1 2018 and signed by the head of HR or CFO at that time. The last update was signed by Mr. Tim Bridges who was the head of HR during the termination date as well.
3. Opera did not honor its obligations and did not pay Bar-or the benefits required by the employment agreement. Opera has not responded to Bar-Or attorney letters asking them to honor the contract till March 2019
4. From March 2019 till Apr 3 2019, Opera finally engaged in negotiations to resolve the dispute under the employment agreement. The parties negotiated for approximately four months and finalized the terms of settlement agreement in July, 2019. However, Opera, which negotiated with Bar-or in bad faith, refused to honor its obligations. Bar-Or paid his attorney legal fees of 40,000$ for the settlement negotiations before Opera refusal to sign.
5. On Oct 2020, the plaintiff filed an arbitration case in AAA of NJ against the defendant\employer. The case has been progressing slowly due to request of delays by the defendant until Aug 2021 where the defendant fail to pay the cost of arbitration which is required by the employer. The AAA has therefore terminated the case.
6. The defendant repeatedly used the legal venues in bad-faith, using evasive and delay tactics that would cause the plaintiff to spend time and money in an attempt to discourage him for pursuing what he is owed.
7. Bar-or and Opera consummated his employment agreement in Massachusetts, and Bar-or worked the vast majority of the time in Massachusetts at 100 Washington Square, Newton, MA, 02458.
8. The original employment contract set Bar-or's salary at $275,000 and positioned him to report to the Chief Operating Officer. His compensation package in the employment agreement included significant incentive compensation, he received a payment each quarter of $25,000.
9. In the event Opera decided to terminate Bar-or's employment without cause, Employment Contract (paragraph 4 (c)) required Opera to give Bar-or 30 days' notice.
10. Paragraph 4 (f) explicitly required Opera, upon terminating Bar-or without cause, to pay him any salary owed within fifteen days; six months of salary as separation pay; health insurance premiums for six months or until Bar-or receives alternate health insurance; and any incentive compensation still due ("separation benefits").
11. Bar-or's performance was excellent throughout his employment. In 2016, Opera made him Global Head of Software and increase his salary.
12. In 2016, Opera amended his incentive compensation to be based the achievement of certain milestones for a platform called Signal Hub. Signal Hub is a horizontal technology that powers all Opera's solutions and products. It is Opera's flagship technology and still powers 80% of Opera's solutions and products.
13. In Aug 1st 2018, based on his performance, Opera raised Bar-Or's salary to $325,000.
14. On November 27, 2018, Bar-or attended a leadership meeting. The new Chief Executive Officer, Edward Scott, was present. After the meeting, Scott asked Bar-or to move to New York and to continue to supervise the engineering team from there. Bar-or refused and told Scott that moving the engineering team to New York was ill-advised.
15. On December 4, 2018, Opera held a management meeting. The Chief Operating Officer, Bar-or's superior, was present. Bar-or presented his team's work for the final quarter. His presentation showed that they had met the goals that he was required to meet to be paid his final incentive compensation payment.

16. On December 13, 2018, late in the evening, two days before Bar-or was due to meet with his superior to get approval for his final bonus payment, the Chief Executive Officer of Opera, Edward Scott, terminated Bar-or's employment without cause.
17. Despite the requirement for 30 days' notice of the contract, Bar-or was removed from the payroll on December 14, 2018.
18. Opera did not pay Bar-or any of the separation benefits. By failing to pay Bar-or the separation benefits, in accordance to the express language in the employment contract, Opera materially breached Employment Contract.
19. Opera locked Bar-or out of its systems at the close of business on December 17, 2019. By locking Bar-or out of Opera's system, Bar-or had no further ability to access Opera's internal systems and has not accessed Opera's systems since that date.
20. By locking Bar-or out of Opera's system, Opera undermined his ability to take the final steps required by Employment Contract to receive the incentive compensation.
21. Opera had an obligation under Employment Contract to allow Bar-or to take the steps necessary to receive his incentive compensation. Opera timed Bar-or 's termination deliberately to deprive him of the ability to complete the process and thus be able to withhold Bar-or's incentive compensation.
22. Opera never paid Bar-or his incentive compensation, breaching Employment Contract, depriving him of earned wages.
23. By not paying Bar-or, Opera obtained a financial windfall, depriving Bar-or of his earned compensation.
24. Opera's promises to Bar-or in Employment Contract were made to Bar-or to induce him to accept the offer of employment at Opera. The amendments to Employment Contract were made to Bar-or to induce him to continue working at Opera.
25. Opera knew that its promises in Employment Contract and the amendments would induce Bar-or to accept and continue his employment. Bar-or reasonably relied upon these promises to his detriment.
26. Bar-or spoke with Tim Bridges, Opera's head of human resources on December 19, 2018. Bridges acknowledged Opera's obligations under his employment contract. However, he informed Bar-or that Opera would only pay him a smaller amount of the benefits than what Opera owed Bar-or. Bar-or refused.
27. Bar-or has incurred damages because of Opera's actions as described above, including the lost contractual benefits, lost wages, attorney's fees, and other damages.

Relief

1. Payments of $27,083.33 for six months; total of 162,500$
2. Insurance reimbursement payments of $1,500.00 for six months; total of 9000$
3. Additional wage payments for the period January 1, 2019 through January 15, 2019 of 13,500$. This is due since according to the employment agreement section 4D , the claimant deserves 30 day's notice before any termination.
4. 2018 3rd Quarter Vektor Bonus payment of:  21,250$ (amendment 4 in employment contract)
5. 2018 4rd Quarter Vektor Bonus payment of:  21,250$ (amendment 4 in employment contract)
6. A payment for legal fees of $40,000.00.
7. **This amount to total of 267,250$.**
8. Interest for pre-judgment of 3.5% for the years 2019, 2020, 2021:
    a. 2019: 9353$
    b. 2020: 9681$
    c. 2021: 10,020$
    d. 2022: TBD

    Total Interest: 29,054$

9. Loss of work days due to legal process.   This should be determined when the case ends.
10. Any future legal fees that might be required to the legal proceedings.